32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Clifford Dewayne EDGAR, Defendant-Appellant.
 No. 93-5836.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1994.
Decided Aug. 9, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-93-92)
 C. Cooper Fulton, Assistant Federal Public Defender, Charleston, WV
 John Kirk Brandfass, Assistant United States Attorney, Charleston, WV
 Hunt L. Charach, Federal Public Defender, Charleston, WV
 Charles T. Miller, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, WV
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, HALL and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Clifford Dewayne Edgar pleaded guilty to a one-count indictment that charged him with forcible entry of the Washington Street branch of One Valley Bank in Charleston, West Virginia, in violation of 18 U.S.C. Sec. 2113(a). Edgar did not steal any money, but he damaged the glass doors of the bank and the automatic teller machine (ATM), although he denies he did the damage to the ATM.* In his plea agreement, Edgar agreed to reimburse the bank "for the cost of repairing the damage to the facility ... resulting from his forcible entry."
 
 
 2
 On appeal, Edgar argues that he should not have to pay that part of the restitution imposed by the district court for the damage of the ATM machine ($298.00). He argues that the offense to which he pleaded guilty, forcible entry of a bank, does not include the ATM machine. Edgar therefore claims that he is liable only for the damage caused by breaking the glass doors of the bank ($461.00).
 
 
 3
 We have examined the record in this case and the briefs submitted by the parties. We also have heard oral argument from the parties. We are of opinion that Edgar's contentions are without merit, and we affirm.
 
 AFFIRMED
 
 
 *
 The district court heard testimony on this issue at the sentencing hearing and resolved it against Edgar. It found as a matter of fact that Edgar damaged the ATM machine. The district court was not clearly erroneous